[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 23, 2007
THOMAS K. KAHN
CLERK

_____

No. 05-15569
Non-Argument Calendar

_____

D. C. Docket Nos. 05-20881-CV-UUB
01-00543-CR-UUB

RODRIGUE JEAN,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(May 23, 2007)**

Before DUBINA, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Rodrigue Jean, a counseled federal prisoner, appeals the district court's

denial of his motion to vacate his 148-month sentence for drug trafficking crimes, which was brought pursuant to 28 U.S.C. § 2255. In his § 2255 motion, Jean argued that his attorney was ineffective because, inter alia, counsel failed to advise him of his right to testify, or to call him to testify on his own behalf.

At the hearing on whether counsel was ineffective, trial counsel, David Joffe, testified that he: (1) had 16 years experience; (2) met with Jean at least 8 times before the start of the trial; (3) advised Jean that a negotiated plea would be in his best interest; (4) would have advised Jean, while discussing the possibility of entering a plea, of all of his constitutional rights, including the right to testify; (5) thought that Jean would make a good witness; (6) gave Jean a pad of paper during trial to take notes or ask questions; and (7) had never, and could not, prevent a client from testifying. Joffe stated that Jean advised him that he did not want to testify.

Rodrique Jean contradicted his attorney's version, testifying that: Joffe never explained to him that he had the choice to testify at trial, and Joffe never told him that he would make a good witness or judged his credibility. Jean asserted that he did not know that he was the one who ultimately decided whether he would testify, as Joffe had made all of the decisions in the trial, and Joffe disregarded his request to testify. He conceded that it had been his decision to go to trial, rather

2

than take a plea. The magistrate judge issued a report, which credited trial counsel's assertion that he informed Jean of his right to testify and that it was Jean's decision to make.

"Credibility determinations are typically the province of the fact finder because the fact finder personally observes the testimony and is thus in a better position than a reviewing court to assess the credibility of witnesses." United States v. Ramirez-Chilel, 289 F.3d 744, 749 (11th Cir. 2002). In a case where the witnesses' versions of events are in direct conflict with one another, we will affirm the fact finder unless "the judge credits exceedingly improbable testimony," or the "facts are unbelievable." Id. Here, we find no reversible error in the fact finder's determination of credibility in this case.

**AFFIRMED.**